IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| TIM PATTERSON, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| TRS RECOVERY SERVICES, INC., | : | |
| Defendant. | : | |

## COMPLAINT

Tim Patterson, by his attorney Ray Johnson, for his claims against the Defendant states:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Tim Patterson, is a natural persons now residing in Dubuque, Iowa.

4. Defendant, TRS Recovery Services, Inc. (hereinafter "TRS") is a debt collector that conducts business in Iowa.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Defendant is attempting to collect an alleged debt from Patterson in the amount of $279.17.

7. On or about January 5, 2009, Patterson's checkbook was stolen from his residence. Shortly there after, there were five fraudulent checks written from his U.S. Bank checking account.

8. On January 6, 2009, a police officer from the Dubuque Police Department came to Patterson's home to inform him that someone had been writing fraudulent checks from his checkbook. At that time, Patterson filed a police report with the Dubuque Police Department. Later that day, Patterson informed U.S. Bank that his checkbook had been stolen and stopped payment on the checks.

9. Telecheck purchased the dishonored electronic fund transfer and forwarded the alleged debt to its affiliate TRS for collection.

10. In its collection efforts, TRS sent Patterson several letters indicating that if he did not pay the alleged debt he would be prosecuted criminally. TRS entitled one such letter "15 Day Demand Prior To Referral For Criminal Prosecution." In that letter TRS stated "If TRS Recovery Services, Inc. does not receive payment within fifteen (15) days, this matter WILL be referred for CRIMINAL PROSECUTION, and a warrant may be issued for your arrest."

2

11. After receiving the letters from TRS, Patterson informed it that the checks were stolen from him and that he was not responsible for the alleged debt. Patterson also had the Dubuque Police Department fax a copy of the police report to TRS as well as having U.S. bank contact TRS to inform it of the fraudulent activity.

12. TRS was well informed of the true nature of the alleged debt however, it continued to attempt to coerce payment from Patterson anyway.

## V. FIRST CLAIM FOR RELIEF

13. All facts and allegations of this Complaint are incorporated herein by reference.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692(e)(2)(A) by making a false representation regarding the character, amount, or legal status of a debt.

   b. Defendant violated 15 U.S.C. § 1692(e)(2)(B) by making a false representation of any services rendered or compensation which may lawfully be received by any debt collector for the collection of a debt.

   c. Defendant violated 15 U.S.C. § 1692(e)(5) by making a false representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person.

   d. Defendant violated 15 U.S.C. § 1692(e)(7) by making a false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

   e. Defendant violated 15 U.S.C. § 1692(e)(10) by using false representations or deceptive means to collect or attempt to collect any debt.

3

f. Defendant violated 15 U.S.C. § 1692(f)(1) by collecting an amount not permitted by law.

   g. Defendant violated 15 U.S.C. § 1692(f)(6) by threatening to take any nonjudicial action to effect dispossession or disablement of property.

   h. Defendant violated 15 U.S.C. § 1692(g) by failing to send a written "g" notice after the initial communication.

15. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

16. All facts and allegations of this Complaint are incorporated herein by reference.

17. Patterson's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

18. With regard to the attempts to collect from Patterson as alleged herein, Defendant was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

19. Defendant violated the State Act. The foregoing acts, omissions and practices of the Defendant were violations of Iowa Code § 537.7103, including but not limited to:

   a. Defendant violated Iowa Code § 537.7103(1)(b) by making a false accusation or threat to falsely accuse a person of fraud or any other crime.

   b. Defendant violated Iowa Code § 537.7103(1)(e) by making a false threat that nonpayment of an alleged debt may result in the arrest of a person.

4

c. Defendant violated Iowa Code § 537.7103(1)(f) by taking an action, or threatening to take an action prohibited by Iowa Code chapter 537.7103 or any other law.

d. Defendant violated Iowa Code § 537.7103(4)(e) by making a representation that tends to create a false impression of the character, extent, or amount of a debt, or its status in a legal proceeding.

e. Defendant violated Iowa Code § 537.7103(4)(i) by making a false representation about the status or true nature of, or services rendered by, the debt collector.

f. Defendant violated Iowa Code § 537.7103(5)(d) by attempting to collect an amount not permitted by law.

20. As a proximate result of the unfair debt collection, Plaintiff has suffered actual damages and injury for which he should be compensated in an amount to be proven at trial.

## VII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A. Actual and statutory damages pursuant to 15 U.S.C. § 1692k.

B. Actual and statutory damages pursuant to Iowa Code § 537.5201(1).

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

*[signature]*
RAY JOHNSON

5

AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com

AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com